UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JOSEPH DALE GOLDEN as Personal Representative for the Estate of DANIEL R. GOLDEN, Deceased,

Plaintiff,

v.

CH2M HILL HANFORD GROUP, Inc.

Defendant.

No. CV-09-5057-LRS

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

**BEFORE THE COURT** is Plaintiff's Motion to Remand, Ct. Rec. 3, filed July 24, 2009, and noted without oral argument.[1]

Because the United States Court of Appeals for the Ninth Circuit has disposed of all federal claims associated with this suit, and because this Court has previously declined to exercise supplemental jurisdiction over the remaining state law claim, Defendant's notice of removal is foreclosed by the established law of

[1] Pursuant to LR 7.1(h)(3), the court exercises its discretion to determine this matter without oral presentation.

the case, which has left this Court with no jurisdiction over the subject matter of this action. Therefore, this Court **GRANTS** Plaintiff's Motion, **REMANDS** this action to the Benton County Superior Court (Cause No. 04-2-01154-7) pursuant to 28 U.S.C. § 1447(c), and **AWARDS** Plaintiff attorneys' fees incurred in making this motion for remand.

## I. BACKGROUND

This is an action that was: 1) originally filed in state court; 2) removed to this Court which granted summary judgment to the Defendant; 3) appealed to the Ninth Circuit, which affirmed the decision of this Court in part, reversed in part, and remanded the action back to this Court; 4) remanded by this Court to state court; 5) amended in state court to substitute the above-named Plaintiff as personal representative of his father, the original Plaintiff, Daniel R. Golden, who is now deceased; and 6) again removed by the Defendant to this Court.

Defendant contends re-removal from Benton County Superior Court to this court is proper pursuant to 28 U.S.C. §§ 1441 and 1442, and asserts three bases for federal jurisdiction: 1) this is an action against a person acting under an officer of the United States; 2) the alleged actions and alleged injuries occurred on a federal

enclave, over which this court has original jurisdiction under 28 U.S.C. § 1331; and 3) the Plaintiff asserts claims that require judicial evaluation of federal regulations and which are preempted by an existing federal regulatory scheme. Plaintiff disagrees and contends that Defendant's second "Notice of Removal:" 1) violates the law of the case doctrine; 2) was not timely pursuant to 28 U.S.C. § 1446(b); and 3) fails to demonstrate federal jurisdiction over this case.

## II. DISCUSSION

### A. The Law of the Case Doctrine Bars Previously Asserted Bases of Federal Jurisdiction From Being Re-litigated.

The Ninth Circuit remanded this case to this Court for one reason: to have this Court determine whether it would exercise supplemental jurisdiction over a pendent state law claim for emotional distress and loss of consortium based on Mr. Golden's exposure to non-radioactive materials "now that the federal claims have been dismissed." *Golden v. CH2M Hill Hanford Group, Inc.,* 528 F.3d 681, 684 (9th Cir. 2008). The Ninth Circuit's mandate to this Court, issued on July 3, 2008, (Ct. Rec. 72 in CV-04-05076-LRS), incorporating its June 11, 2008, opinion, constitutes the "law of the case" and is binding on this Court.

When acting under an appellate court's mandate, an inferior court "is bound by the decree as the law of the case; and must carry it into execution, according to the mandate. That court cannot vary it, or examine it for any other purpose than execution." *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255, 16 S.Ct. 291 (1895); *see also Firth v. United States*, 554 F.2d 990, 993 (9th Cir. 1977) ("When a case has been decided by an appellate court and remanded, the court to which it is remanded must proceed in accordance with the mandate and such law of the case as was established by the appellate court"). On remand, a trial court can only consider "any issue not expressly or impliedly disposed of on appeal." *Firth*, 554 F.2d at 993; *see also Nguyen v. United States*, 792 F.2d 1500, 1502 (9th Cir. 1986).

The bases for federal jurisdiction that Defendant presents in its second "Notice of Removal" are virtually identical to those presented in Defendant's first "Notice of Removal." The Ninth Circuit, however, has expressly dismissed all of Plaintiff's federal claims. In its mandate, the Ninth Circuit did not imply that this Court retained any 28 U.S.C. § 1331 federal question jurisdiction; indeed, it expressly indicated that the sole basis for this Court's jurisdiction upon remand was under 28 U.S.C. § 1367(c)(3).

"[W]hen a lower federal court has jurisdiction over the subject matter and the parties, its adjudication is the law of the case and its judgment is binding on all other courts, subject only to the appellate process." *Hansen v. Blue Cross of California*, 891 F.2d 1384, 1390 (9th Cir. 1989) (quoting *In re Life Ins. Co. of North America*, 857 F.2d 1190, 1193 (8th Cir. 1988)). Because this Court's original order of remand (Ct. Rec. 78 in CV-04-5076-LRS) was discretionary and not based on 28 U.S.C. § 1447(c), appellate review under § 1447(d) was not precluded. *See Carlsbad Technology, Inc. v. HIF Bio, Inc.*, _____ U.S. _____, 129 S.Ct. 1862, 1867 (2009); *California Dept. of Water Resources v. Powerex Corp.*, 533 F.3d 1087, 1096 (9th Cir. 2008). Defendant could have appealed this Court's original order of remand, which relinquished this Court's remaining basis for subject matter jurisdiction. It did not. Therefore, this Court's original order of remand is also established as the law of the case.

Plaintiff asserts the amended complaint it filed in state court contains no substantive changes from its original complaint (Ct. Rec. 3 at 3), and as is noted *supra*, the bases for federal jurisdiction that Defendant presents in its second "Notice of Removal" are virtually identical to those presented in its initial "Notice of Removal." All of the bases for federal jurisdiction asserted by the Defendant in

its second "Notice of Removal," however, have been foreclosed by the law of the case that has been established by the Ninth Circuit's dismissal of all federal claims, and by this Court's previous decision to not exercise supplemental jurisdiction over any pendent state law claim. Therefore, this Court now lacks subject matter jurisdiction to entertain this action. Accordingly, it must remand this case to the Benton County Superior Court pursuant to 28 U.S.C. § 1447(c).

**B. Plaintiff is Entitled to Attorneys Fees Incurred From This Motion**

Plaintiff claims he is entitled to attorney's fees in connection with his Motion to Remand because Defendant's removal of this case was "wrong as a matter of law." (Ct. Rec. 3 at 11). Plaintiff's assertion is well-taken.

Both of Defendant's notices of removal proffer the same grounds for the existence of a federal question: 1) the action was brought against a person acting under an officer of the United States; 2) the alleged personal injury arose within a federal enclave; and 3) Plaintiff's claims require judicial evaluation of federal regulations and are preempted by an existing federal regulatory scheme. The Defendant again argues that the resolution of Plaintiff's state law claim is governed by federal law. This argument was clearly rejected, first by the Ninth Circuit and later by this Court in its previous remand order, which stated: "The court of

appeals did not tell this court that there was still 28 U.S.C. Section 1331 federal question jurisdiction under any particular theory (federal enclave, federal officer, etc.)." Ct. Rec. 78, p.4 FN2 in CV-04-05076-LRS.

Directly put, Defendant's second "Notice of Removal" offers no grounds that would re-establish this Court's jurisdiction over the subject matter of this case. The Court concludes that Plaintiff is therefore entitled to attorneys' fees in connection with his motion to remand. *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). The Defendant did not have an "objectively reasonable basis" for re-removing this action. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136, 126 S.Ct. 704 (2005).

## III. CONCLUSION

Defendant's second "Notice of Removal" (Ct. Rec. 1) presents the Court with precisely the same bases for federal jurisdiction that were asserted in Defendant's first "Notice of Removal." The Ninth Circuit, having definitively disposed of all federal claims, remanded the matter to this Court for the sole purpose of determining whether it wished to exercise § 1367(c)(3) supplemental

jurisdiction over a remaining state law claim. This Court declined to do so, and relinquished its jurisdiction over the state law claim by remanding it to the Benton County Superior Court. The mandate of the court of appeals, along with this Court's original order of remand, have become the law of this case.

Defendant fails to demonstrate there have been any issues of significance that have arisen since this Court's previous order of remand which would give this Court cause, or jurisdiction, to depart from its original order of remand. Plaintiff is therefore entitled to attorneys' fees in connection with his motion to remand, pursuant to 28 U.S.C. § 1447(c). To the extent Defendant alleges that Plaintiff's amended complaint presents federal claims that have been previously adjudicated and dismissed by this Court or by the Ninth Circuit, this is a defense that must be brought before the Benton County Superior Court, and must be evaluated there, along with the merits of Plaintiff's state law claim.

In its opinion, the Ninth Circuit stated "that the federal claims have been dismissed" and this Court read that to include any emotional distress claim based on a mixed exposure to radioactive and non-radioactive materials where it cannot be shown that Daniel R. Golden suffered a separate and distinct fear arising from his exposure to non-radioactive materials. A mixed exposure emotional distress

claim, where a separate and distinct fear arising from exposure to non-radioactive materials cannot be shown, fails under the Price-Anderson Act for the same reason an emotional distress claim based on exposure only to radioactive materials fails: "Golden can't show that the exposure caused his physical injuries and without physical injury, he can't recover for psychic harm arising from exposure to radioactive materials." *Golden*, 528 F.3d at 683. The Ninth Circuit acknowledged as much in its statement that "[i]f Golden can only show emotional distress arising out of a general fear for his future health that is intertwined with his exposure to radioactive materials, the Price-Anderson Act will apply and emotional distress claim for exposure to nonradioactive materials will be preempted." *Id*. at 684. All this Court was left to determine was whether it would exercise supplemental jurisdiction over a state law claim alleging a separate and distinct fear arising from exposure to non-radioactive materials. This Court chose not to exercise such jurisdiction and it is now for the Benton County Superior Court to decide whether Plaintiff has adequately pled such a claim upon which relief can be granted, and beyond that whether there is any merit to such a claim.

Absent application of the "law of the case" doctrine, and the fact all federal claims have already been dismissed, a claim of mixed exposure where a separate

and distinct fear arising from exposure to non-radioactive materials cannot be shown, would be "completely" preempted by the Price-Anderson Act and would give rise to removal jurisdiction. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64, 107 S.Ct. 1542 (1987)(preemptive force of federal law displaces any state law cause of action). As this Court sees it, however, Defendant's argument in Benton County Superior Court is not preemption with regard to any federal claim that Plaintiff might assert, but rather issue preclusion based on the prior decisions of this Court and the Ninth Circuit.

Based on the foregoing, **IT IS ORDERED:**

1) Plaintiff's Motion for Remand (Ct. Rec. 3) is **GRANTED**;

2) Pursuant to 28 U.S.C. § 1447(c), this action is **REMANDED** to the Benton County Superior Court (Cause No. 04-2-01154-7) for consideration and determination of Plaintiff's state law claim; and

3) Plaintiff's request to require the Defendant to pay Plaintiff's attorney fees incurred in making this motion is **GRANTED**. The Court determines that reasonable attorney fees to be paid to Plaintiff total $7,161.00 (23.1 hours x $310/hr. as set forth in Ct. Rec. 12) .

The District Executive is directed to file this Order and provide copies to counsel. A certified copy of this order shall be forwarded to the Clerk of the Benton County Superior Court.

**DATED** this 25th day of September, 2009.

***s/Lonny R. Suko***

_________________________________
LONNY R. SUKO
Chief United States District Judge